United States District Court
Southern District of Texas

**ENTERED**

August 15, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOANN GAMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-00398 |
| | § | |
| IDEA PUBLIC SCHOOLS, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Now before the Court is Plaintiff Joann Gama's Motion to Compel Defendant to Respond to Request for Production No. 3. (Dkt. No. 12). She seeks production of the Special Investigation Report ("SIR") withheld as privileged by Defendant IDEA Public Schools. Upon consideration of the Motion to Compel, (Dkt. No. 12), Defendant's Response, (Dkt. No. 13), and Plaintiff's Reply, (Dkt. No. 16), in light of the relevant law the Court finds that the Motion must be **DENIED** for the following reasons.[1]

## I.     Factual and Procedural Background

Plaintiff filed the instant lawsuit alleging violations of Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. § 2000e. (Dkt. No. 1 at p. 1). Plaintiff alleges Defendant IDEA's May 25, 2021 termination of her as IDEA's CEO was based on race and sex discrimination. (*Id*. at pp. 4, 8).

On February 7, 2023, Plaintiff served Defendant her First Set of Interrogatories and First Requests for Production. (Dkt. No. 12 at p. 2). On March 9, 2023, Defendant served its objections

---

[1] In its Response, Defendant clarifies that there are two versions of the SIR—one dated May 6, 2021 and another, longer version presented on May 24, 2021 and May 25, 2021—though Defendant only included the May 6, 2021 version in the privilege log. (Dkt. No. 13 at p. 2 n.1). In this Order, the SIR refers to both versions as Defendant does in its Response. *See* (*id*.).

and answers to the first set of interrogatories and its objections and responses to the first requests

for production. (*Id.*, Exhs. 1–2). The request for production and objection at issue here includes

the following:

> **REQUEST FOR PRODUCTION NO. 3:** Produce the "Special Investigation Report."
>
> **RESPONSE:** Defendant objects because this request seeks documents protected from discovery by the attorney-client privilege. Defendant further objects that this request seeks documents protected by the attorney work-product privilege as the Special Investigation Report was created in anticipation of litigation by legal counsel in order to provide legal advice, legal counsel, and legal services to IDEA's Audit Committee and to IDEA's Board of Directors.
>
> The documents sought in this request will not be produced and will be included in Defendant's privilege log.

(Dkt. No. 12, Exh. 2 at p. 4).

In her Motion, Plaintiff seeks to compel production of the SIR. (*Id.* at pp. 1–13).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow "[a] party seeking discovery [to] move for an

order compelling an answer [or] production . . . if . . . a party fails to answer an interrogatory

submitted under Rule 33" or if "a party fails to produce documents." FED. R. CIV. P. 37(a)(2)(B).

Additionally, "an evasive or incomplete disclosure, answer, or response must be treated as a failure

to disclose, answer, or respond." *Id.* R. 37(a)(4). Discovery must be "relevant to any party's claim

or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, . . . the parties' relevant access to relevant information, the parties' resources,

the importance of the discovery in resolving the issue," whether the burden of the discovery

outweighs its benefit, and other factors. *Id.* R. 26(b)(1); *see id.* R. 33(a)(2) ("An interrogatory may

relate to any matter that may be inquired into under Rule 26(b)."); *id.* R. 34(a) ("A party may serve

on any other party a request [for production] within the scope of Rule 26(b)[.]"). Information

within the scope of discovery "need not be admissible in evidence to be discoverable." *Id.* R. 26(b)(1).

**III.   Analysis of Discovery Dispute**

**A.   Attorney-Client Privilege**

Defendant contends that the SIR is protected from discovery by the attorney-client privilege because its primary purpose was legal advice. (Dkt. No. 13 at § II.A). Plaintiff does not respond to this contention in her reply. *See* (Dkt. No. 16). She mainly asserts a waiver applies. (Dkt. No. 12 at pp. 8, 10–11).

The attorney-client privilege protects confidential communications between an attorney and client. *See E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). "[F]or the attorney-client privilege to protect [a document from] from disclosure . . . the [Defendant] must establish that the document contains a confidential communication . . . with the client's primary purpose having been securing either a legal opinion or legal services, or assistance in some legal proceeding." *Taylor Lohmeyer L. Firm P.L.L.C. v. United States*, 957 F.3d 505, 509–10 (5th Cir. 2020) (cleaned up). The privilege, however, "appl[ies] only where necessary" to protect confidential attorney-client communication. *BDO USA, L.L.P.*, 876 F.3d at 695 (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)) (cleaned up). However, "[a]ttorney-client privilege is waived when 'any significant portion of a confidential communication' is disclosed." *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-CV-00576, 2023 WL 2733401, at *3 (S.D. Tex. Mar. 31, 2023) (quoting *Nguyen v. Excel Corp.*, 197 F3d 200, 208 (5th Cir 1999)). "The burden does not lie with the challenging party to prove that the withholding party improperly asserted the attorney-client privilege as to its withheld documents." *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 19–20 (N.D. Tex. 2021) (cleaned up). "Rather, determining the applicability of the privilege is a highly fact-specific inquiry, and the party asserting the privilege bears the burden

of proof, and once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions." *Id*. at 20 (quotation omitted). "Questions of privilege that arise in the course of adjudication of federal rights are governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 495 (5th Cir. 2005) (quoting *United States v. Zolin*, 491 U.S. 554, 562 (1989)). Because Plaintiff's Title VII claims arise under federal law, the federal common law of attorney-client privilege governs the Court's analysis.

Under federal common law, an accounting investigation performed by an attorney is not privileged unless performed for the purpose of giving legal advice on the facts gleaned from the investigation. *See United States v. Davis*, 636 F.2d 1028, 1044 n.17 (5th Cir. 1981) ("Accounting services performed ancillary to legal advice may be within the attorney-client privilege."); *see also In re LTV Sec. Litig.*, 89 F.R.D. 595, 601 (N.D. Tex. 1981) (holding that confidential communications stemming from an accounting investigation by an attorney and for "the purpose of using the findings as a foundation from which 'to evaluate and draw conclusions as to the propriety of past actions and to make recommendations for possible future courses of action'" were privileged (quoting *Diversified Indus. Inc. v. Meredith*, 572 F.2d 596, 610 (8th Cir. 1978))). Here, the SIR conveys the findings of Mr. McCrum's—an attorney—forensic accounting investigation into IDEA employee past expenditures and legal advice on those expenditures. (Dkt. No. 13, Exh. 4 at ¶¶1–4). The communication was also confidential. (Dkt. No. 13, Exh. 3 at ¶6). Therefore, based on the arguments and evidence before the Court at this time, the Court concludes that the communication in the SIR is subject to the attorney-client privilege.

1. **Waiver**

Contrary to Plaintiff's argument, Defendant has not waived its privilege by putting the communication in the SIR at issue in this litigation. For relevant background, in Interrogatory 2,

Plaintiff asked: "Why did IDEA terminate Gama?" (Dkt. No. 12, Exh. 1 at p. 3–4). Defendant responded:

> [W]histleblower reports were emailed to the IDEA Board . . . accusing Ms. Gama and other executives of specific misconduct. . . . The Board necessarily directed and oversaw an independent review of those allegations. . . . When that review concluded, the Board . . . determined that Ms. Gama breached her duties.

(*Id*. at p. 3–4). In request for production 3, Plaintiff asked IDEA to "[p]roduce the Special Investigation Report," (Dkt. No. 12, Exh. 2 at p. 4), which contains the findings of the independent review of the whistleblower allegations. In response, Defendant invoked the attorney-client privilege. (*Id*.). To now compel the SIR's production, Plaintiff cites the sword-and-shield doctrine. (*Id*. at pp. 8, 10–11).

"[W]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *In re Itron, Inc*., 883 F.3d 553, 558 (5th Cir. 2018) (quoting *Willy*, 423 F.3d at 497) (cleaned up). The case *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 641–42 (9th Cir. 2012), illustrates a claimant's use of the sword and shield. In *$133,420.00*, in response to one of the government's interrogatories and to prove standing, the claimant asserted an ownership interest in the $133,420 seized from his vehicle—the sword. *See id*. at 642. That claimant then used the Fifth Amendment privilege to avoid answering further questions about how he obtained the currency—the shield. *See id*. The sword-and-shield doctrine applied because the claimant's invocation of privilege frustrated the government's ability to test the veracity of his assertion of standing. *See id*.

Here, Defendant's responses to Plaintiff's interrogatories and request for production are no such sword-and-shield. This may be seen by examining the elements of Plaintiff's claim. To prove her claim of discrimination under Title VII, Plaintiff will need to either show direct evidence of discrimination or satisfy the *McDonnell Douglas* burden-shifting framework. *See McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under that framework, Plaintiff is required to "show that: 1) she belongs to a protected group; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) she was replaced by someone outside of her protected group or a similarly situated employee outside of her protected group was treated more favorably." *Owens v. Circassia Pharms., Inc*., 33 F.4th 814, 825 (5th Cir. 2022). If she succeeds, Defendant must respond with a "legitimate, nondiscriminatory reason" for her termination. *See id*. "This burden on the employer is only one of production, not persuasion, involving no credibility assessments." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). This means that "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons." *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981). "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's [termination]." *Id*. at 255. Then the burden shifts back to Plaintiff, "who must counter with substantial evidence that [Defendant's] proffered reason is pretextual." *Owens*, 33 F.4th at 825.

Here, Defendant's response to Plaintiff's Interrogatory 2 makes an assertion regarding its reason for terminating Plaintiff. Plaintiff is correct that Defendant must allow discovery into its reason, but she is wrong that the SIR is the only way to take that discovery. Defendant argues "[it] is not using the SIR as a sword and a shield as alleged by Plaintiff because the underlying documentation of the improper expenses by Ms. Gama, as summarized in the disclosed charts, are not being withheld from Plaintiff," (Dkt. No. 13 at p. 17), showing that the evidence of Defendant's reason for terminating Plaintiff is not unique to the SIR. Here, Defendant uses its claim of Plaintiff's alleged improper expenses as a "sword," but it does not use the privileged SIR as a "shield" to prevent Plaintiff from discovery related to those expenses.

Plaintiff indeed highlights that the SIR "identif[ies] what laws, regulations, rules, and/or policies . . . other personnel were alleged to have violated," "whether Gama was accused of violating the same or similar laws, regulations, rules, and/or policies," and "what factors and/or events IDEA used to differentiate personnel actions levied against Gama and the other employees." (Dkt. No. 16 at p. 3). All of this information, however, goes beyond Plaintiff's need for discovery into Defendant's reason for Plaintiff's termination, which in a Title VII employment discrimination case is a merely a burden of production. *See Russell*, 235 F.3d at 222. The SIR therefore does not contain unique information about Defendant's reason to terminate Plaintiff's employment. Thus, here Defendant's use of the attorney-client privilege does not erect a shield that prevents Plaintiff's discovery into Defendant's assertion regarding her termination. Accordingly, this Court concludes Defendant has not waived its use of the attorney-client privilege.[2]

## B.      Privilege Log

The Court recognizes that Plaintiff has also argued that Defendant's privilege log is insufficient. *See* (Dkt. No. 12 at p. 9). In response, Defendant seeks leave to amend its privilege log. (Dkt. No. 13 at p. 18). "There is no presumption that a company's communications with counsel are privileged." *BDO USA, L.L.P.*, 876 F.3d at 696. As a result, "courts have stated that simply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *Id.* "A privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim." *Id.* at 697. Here, Defendant merely listed "attorney client and work product privileges." (Dkt. No. 12, Exh. 4 at p. 1). The Court finds

---

[2] Because the Court has concluded the attorney-client privilege applies to the SIR and it was not waived, the Court does not address the Parties' arguments regarding the work-product privilege. *See* (Dkt. Nos. 12 at pp. 9–10, 13 at § II.B).

this indeed insufficient. Accordingly, this Court will order Defendant to amend its privilege log by providing a more thorough description of the SIR and including the second version of the SIR referenced in its Response. *See* (Dkt. No. 13 at p. 2 n.1).

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion to Compel Defendant to respond to Request for Production No. 3 is **DENIED**. The Court further **ORDERS** that Defendant amend its privilege log in accordance with this Order no later than fourteen (14) days from the date of this Order.

SO ORDERED August 15, 2023, at McAllen, Texas.

Randy Crane
Chief United States District Judge